UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CATHERINE OHLE, | ) |
|         Plaintiff, | ) |
| v. | ) Case No. 12-cv-08981 |
| THE NEIMAN MARCUS GROUP, | ) |
|         Defendant. | ) |

**NOTICE OF REMOVAL BY
DEFENDANT THE NEIMAN MARCUS GROUP, INCORPORATED**

Defendant The Neiman Marcus Group, Incorporated ("NMG"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Circuit Court of Cook County, Illinois, Law Division ("State Court"), to this United States District Court for the Northern District of Illinois, Eastern Division on the following grounds:

1. On or about October 3, 2012, Plaintiff Catherine Ohle ("Ohle") filed a Complaint against NMG in State Court. The case was assigned Case Number 2012-L-011260. A copy of Ohle's Complaint is attached hereto as Exhibit A.

2. On or about October 09, 2012, Ohle served the Summons and Complaint upon NMG. *See* Exhibit B. The Summons and Complaint are the only pleadings that have been served on or received by NMG. NMG has not filed an answer or responsive pleading to the Summons and Complaint, nor has it made any appearance or argument before the State Court.

3. This is a civil action that may be removed to this Court based on diversity jurisdiction. 28 U.S.C. § 1332 states that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . (1) citizens of different States."

1

## DIVERSITY OF CITIZENSHIP

4. At the time this suit was filed, Ohle was and continues to be an individual person domiciled in, and thus a citizen of, the State of Illinois. *See* Exhibit A, ¶ 4.

5. At the time this suit was filed, NMG was and continues to be a corporation organized and existing under the laws of the State of Delaware. *See* Affidavit of Brenda Sanders, attached hereto as Exhibit C. NMG's corporate headquarters, and thus its principal place of business, was and continues to be in the State of Texas. *Id.* Accordingly, NMG is a citizen of the States of Delaware and Texas, and is not a citizen of the State of Illinois.

6. The citizenship of all parties is therefore diverse, as required for diversity jurisdiction under 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

7. The amount in controversy also exceeds $75,000, exclusive of interest and costs. The amount in controversy is measured "by what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005).

8. In her Complaint, Ohle alleges a violation of the Illinois Employee Credit Privacy Act ("IECPA"), 820 Ill. Comp. Stat. § 70/1 *et seq. See* Exhibit A. Specifically, she alleges that NMG unlawfully "failed or refused to hire [her] and discriminated against her based on her credit report." *Id.* ¶ 11.

9. Although Plaintiff does not plead a specific dollar amount of alleged damages, the ad damnum clause of her Complaint does state that she is seeking, among other relief, "[a] judgment in the amount of all damages due, as provided by the IECPA," as well as reasonable attorneys' fees and costs. *Id.* at 2.

10. The IECPA does not specifically state what "damages" are recoverable for violations of the statute, and NMG has been unable to locate any case law addressing the issue, as the statute only went into effect in January 2011. *See* 820 Ill. Comp. Stat. § 70/25. However, it is highly likely that Ohle is seeking back pay and front pay given that, pursuant to Illinois Supreme Court Rule 222, her attorney has sworn in an affidavit attached to the Complaint that the total money damages sought exceeds $50,000. *See* Exhibit A. Moreover, Ohle alleges in her Complaint that she "suffered *and continues to suffer* damages as a result of [NMG's] violations," which presumably refers to back pay and/or front pay amounts that she alleges are accumulating due to NMG's failure to hire her. *Id.* ¶ 13 (emphasis added).

11. Even assuming that Ohle is seeking four years of combined back pay and front pay – a conservative estimate – the amount in controversy requirement is satisfied. Ohle was interviewed for a position as a Dress Collections Associate. On average, recently hired, full-time Dress Collections Associates make over $20,000 a year. Their yearly income grows with experience. As such, four years of back pay and front pay damages would exceed the $75,000 threshold. *See* Affidavit of Andrea Georganas, attached as Exhibit D. Additionally, Ohle's pre-filing attorneys' fees may also be considered in satisfying the amount in controversy. *See Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001).

12. In light of the foregoing, if Ohle does not, in fact, seek in excess of $75,000, she should be required to specifically so state.

## VENUE

13. Venue lies in the United States District Court for the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1391(b) because the state

action was filed in this district and the state action asserts the alleged unlawful actions took place in this district.

## REMOVAL

14. Accordingly, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. NMG, therefore, is entitled to remove this action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. In compliance with 28 U.S.C. §§1446(b), this Notice of Removal is filed with this Court within thirty (30) days after receipt of a copy of the initial pleading setting forth the claim for relief upon which this action or proceeding is based.

8. NMG submits this Notice of Removal without waiving any defenses to the claims asserted by Ohle or conceding that Ohle has pled claims upon which relief can be granted.

9. This Notice of Removal will be filed promptly with the State Court, as required by 28 U.S.C. § 1446(d).

11. By copy of this document and in accordance with the Certificate of Service, NMG is providing notice to all parties in this action advising of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, NMG removes the instant action from the Circuit Court of Cook County, Illinois, Law Division, to the United States District Court for the Northern District of Illinois.

Dated: November 8, 2012         Respectfully submitted,

**THE NEIMAN MARCUS GROUP, INCORPORATED**

By: /s/ Neil H. Dishman
     One of Its Attorneys

Neil H. Dishman
R. Breanne Dunn
Jackson Lewis LLP
150 N. Michigan Ave.
Suite 2500
Chicago, Illinois 60601
(312) 787-4949

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on November 8, 2012, he caused a true and correct copy of the foregoing *Notice of Removal By Defendant The Neiman Marcus Group, Incorporated* to be served via regular U.S. mail, postage prepaid, to the following:

> Ryan F. Stephan
> James B. Zouras
> STEPHAN ZOURAS, LLP
> 205 N. Michigan Avenue
> Suite 2560
> Chicago, Illinois 60601

/s/ Neil H. Dishman